UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-23726-JEM/Becerra

ALBERTO ORENA,

        Plaintiff,

v.

KILOLO KIJAKAZI
Acting Commissioner of Social Security,

        Defendant.
_____/

**REPORT AND RECOMMENDATION ON UNOPPOSED MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**THIS CAUSE** came before the Court upon Plaintiff's Unopposed Motion for Award of Attorneys' Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[1] *See* ECF No. [19]. Plaintiff's attorneys each filed a declaration supporting the attorneys' fees requested. *Id.* at 3-6. Defendant, Kilolo Kijakazi, Acting Commissioner of Social Security, does not oppose the Motion. *Id.* at 13. Upon due consideration of the Motion, the applicable law, and being otherwise fully advised in the premises, it is hereby **RECOMMENDED** that Plaintiff's Motion for Attorneys' Fees be **GRANTED**.

**I.**    **Background**

Plaintiff filed this lawsuit seeking review of the Commissioner's decision to deny his application for social security disability benefits. *See* ECF No. [1]. Plaintiff thereafter filed a Motion for Summary Judgment. *See* ECF No. [15]. In response, Defendant filed an Unopposed

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge. *See* ECF No. [4].

Motion to Remand requesting that the case be remanded back to the Commissioner for further action. *See* ECF No. [16]. The Court granted the Motion to Remand and entered Final Judgment in favor of Plaintiff. *See* ECF Nos. [17], [18]. Plaintiff thereafter filed the instant motion for attorneys' fees pursuant to the EAJA. *See* ECF No. [19].

**II.    Analysis**

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). There is no dispute that Plaintiff is the prevailing party. There is no contention that the Commissioner's position was substantially justified or that special circumstances make an award of attorneys' fees unjust. Accordingly, the undersigned finds that Plaintiff is entitled to recover his attorneys' fees.

The next question is the proper amount of that award. Plaintiff asks to recover $7,421.24 in attorneys' fees and $402.00 in costs for the filing fee. *See* ECF No. [19]. The supporting declarations of Plaintiff's counsel reflect that they expended a total of 30.6 hours litigating the action in this Court. *Id.* at 4, 6. In 2022, Plaintiff's counsel expended 1.0 hours on this case at a requested hourly rate of $234.95. *Id.* at 4, 9. In 2023, Plaintiff's counsel expended 29.6 hours on this case at a requested hourly rate of $242.78. *Id.* at 4, 6, 9.

The EAJA states in pertinent part that "[t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. §

2412(d)(2)(A). The EAJA establishes a two-step analysis for determining the proper hourly rate. First, the Court must determine the market rate for similar services provided by lawyers of reasonably comparable skills, experience, and reputation. Second, if the Court finds that the market rate is greater than $125.00 per hour, the Court must determine whether to adjust the hourly fee upward to take into account the increase in the cost of living or a special factor. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992).

The Commissioner does not dispute that the requested hourly rates of $234.95 and $242.78 are within the range of the prevailing market rates for the kind and quality of the legal services furnished. Given the absence of opposition, and based upon the Court's own experience, the undersigned finds that the rates sought are within the range of market rates in similar actions. *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (the Court "is itself an expert on the question [of a reasonable hourly rate] and may consider its own knowledge and experience ....").

However, because the requested hourly rate exceeds the $125 per hour statutory rate set by the EAJA, the Court must consider whether to adjust the hourly rate to take into account the increase in the cost of living or\ other special factors. Plaintiff does not contend that any special factors warrant an upward adjustment of the hourly fee. Instead, Plaintiff contends that the higher hourly rates of his attorneys are permissible because of an increase in the cost of living. *See* ECF No. [19] at 9-10. The application of the cost-of-living adjustment is "next to automatic." *Meyer*, 958 F.2d at 1035 n.9. When, as here, the work performed is over the course of several years, the hourly rate should be calculated to correspond to the cost of living for each year that the work was performed, not the rate at the time when the award is made. *Sensat v. Berryhill*, No. 15-cv-24727, 2018 WL 5257143, at *6 (S.D. Fla. Oct. 22, 2018) (collecting cases).

The supporting declarations of Plaintiff's counsel reflect that they dedicated 1.0 hours in 2022 and 29.6 hours in 2023. *See* ECF No. [19] at 2, 9. There is no dispute that application of a cost-of-living adjustment results in an hourly rate of $234.95 for work performed in 2022 and $242.78 for work performed in 2023, and that this adjustment is proper.[2]

There is also no dispute regarding the reasonableness of the number of hours that Plaintiff's counsel devoted to this action. The undersigned has carefully reviewed the descriptions of work set forth in the declarations of Plaintiff's counsel as well as the record in this action, and finds that the hours expended are reasonable.

Finally, the undersigned evaluates whether the award of attorneys' fees should be payable to Plaintiff or Plaintiff's counsel. In *Astrue v. Ratliff*, the Supreme Court held that EAJA fee awards are awarded to the litigant, rather than to the litigant's attorney, and therefore EAJA fee awards are subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States. 560 U.S. 586, 589 (2010). The Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id*. at 596–98; *Montgomery v. Comm'r of Soc. Sec.*, No. 617-cv-1886-ORL-GJK, 2019 WL 2515824, at *1 (M.D. Fla. Feb. 6, 2019). In order for an assignment to be valid, it must comply with the Anti-Assignment Act, 31 U.S.C. § 3727(b).[3] *Milanes v. Berryhill*, No. 15-

---

[2] These figures are calculated by taking the Annual CPI rate for the relevant year and subtracting from it the March 1996 rate and then dividing that number by the March 1996 rate. *See* Department of Labor, Bureau of Labor Statistics, available at http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited October 5, 2023); *Sensat*, 2018 WL 5257143, at *6 n.12. Then,"[t]he cost-of-living percentage increase is [] applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA."

[3] The Anti-Assignment Act states in pertinent part that:

cv-23171, 2017 WL 3493145, at *2 (S.D. Fla. Aug. 14, 2017). However, the Government can waive the requirements of the Anti-Assignment Act. *Sensat*, 2018 WL 5257143 at *7 n.14; *see also Arthur Pew Const. Co. v. Lipscomb*, 965 F.2d 1559, 1576 (11th Cir. 1992) (holding that the government may recognize the assignment of its obligations to another and waive the protection of anti-assignment statutes if it chooses); *Delmarva Power & Light Co. v. United States*, 542 F.3d 889, 893 (Fed. Cir. 2008) (holding that the government may waive the Anti–Assignment Act's prohibition in section 3727(a) against the assignment of claims).

In the Motion, Plaintiff requests that attorneys' fees be paid directly to his attorneys unless Plaintiff owes a federal debt. *See* ECF No. [19] at 11-12. Plaintiff executed an assignment of EAJA fees (the "Assignment"), a copy of which is attached to the Motion. *See* ECF No. [19-1]. Specifically, the Assignment states, "*I hereby assign any court-awarded EAJA attorney fees to my attorney.*" *Id*. Given the Commissioner's lack of opposition, the undersigned finds that the Commissioner has waived the requirements of the Anti-Assignment Act. *See Sensat*, 2018 WL 5257143, at *7 n.14 (finding that the Commissioner waived the requirements of the Anti-Assignment Act by not objecting to the plaintiff's request that the payment be made directly to counsel even though the assignment failed to satisfy the Anti-Assignment Act); *see also Milanes*, 2017 WL 3493145, at *2 (noting that the commissioner had waived the requirements of the Anti-

---

[A] transfer or assignment of any part of a claim against the United States . . . or the authorization to receive payment for any part of the claim . . . may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

31 U.S.C. §§ 3727(a)–(b).

Assignment Act, subject to plaintiff owing a federal debt, even though the assignment did not satisfy the requirements of the Anti-Assignment Act). Accordingly, the attorneys' fees award shall be payable to Plaintiff's counsel subject to offset against any pre-existing debt Plaintiff may owe to the United States.

### III. Conclusion

Based on the foregoing, it is hereby **RECOMMENDED** that Plaintiff's Unopposed Petition for Award of Attorneys' Fees, ECF No. [19], be **GRANTED**. It is **FURTHER RECOMMENDED** that pursuant to the Equal Access to Justice Act, Plaintiff be awarded **$7,421.24** in reasonable attorneys' fees, and **$402.00** in reasonable costs, which represents reimbursement of the filing fee. The foregoing funds should be made payable to counsel for Plaintiff so long as the United States Department of Treasury determines that Plaintiff has no outstanding debts to the United States.

### IV. Objections

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FIVE (5) DAYS** of being served with a copy of this Report and Recommendation. The Court has shortened the objection period because the instant Motion is unopposed and the Court has recommended that the full amount of fees requested be awarded. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND RECOMMENDED** in Chambers at Miami, Florida, on October 5, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**